### Essex County Orphans Court.

In the matter of the application of BLOOMFIED TRUST COM-
PANY as guardian of Anna Taft Peloubet, a minor, for
permission to expend a portion of the *corpus* of said
minor.

**Guardianship—Use of Corpus for Education of Ward—Where
Necessary, Guardian May Use Corpus Without Application
to Court.**

*Mr. Robert M. Boyd, Jr.,* for the petitioner.

CAFFREY, J.

Petitioner is the guardian of Anna Taft Peloubet, a minor
of the age of seventeen years, and has in its hands as such
guardian the sum of six thousand five hundred ($6,500) dol-
lars.

The total income derived from the estate of said minor is
about three hundred and eighty ($380) dollars. The minor
is about to graduate from high school and desires to acquire
a college education. The father of said minor is not able to
assist her financially, and petitioner is seeking an order of
this court authorizing the expenditure from the principal of
said minor's estate of the sum of one thousand ($1,000) dol-
lars for her support and maintenance at college for the ensu-
ing year.

It is settled that in case the income from the ward's estate
is insufficient for her maintenance and education, the prin-
cipal may be used for that purpose, if necessary, without ap-
plication to the court. *In re Hannah Barry, 61 N. J. Eq.
135, 139.* It is further settled that while it is the duty of a
father to support, educate and maintain his infant children,
the court, in determining the question of the extent of a
parent's duty to support his or her infant child, will take
into consideration all the circumstances, including as well
the parent's liability as the child's fortune. *Alling v. Alling,
52 N. J. Eq. 92.*

When a person assumes to act as guardian, trustee, executor or administrator, he assumes certain responsibilities, and it is his right and duty to use his discretion within legal limits, to the extent of the circumstances of which a particular case warrant at the time. He does not need any order of the court to do any of these things, and, as has already been said, there is no doubt of the authority of a guardian to expend even the whole of a ward's funds for his education and maintenance if the circumstances of the case are such as to warrant such expenditure.

A full consideration of applications of this character will be found in the opinion by Vice-Chancellor Emery in the case of *In re Hannah Barry, supra.* The subject is disposed of in his concluding words in that opinion, in which he says: "The general policy of the statutes and decisions in this state upon the question now presented has been to leave the question of the necessity of the expenditure of the personal estate, both income and principal, to the judgment of the guardian in the first instance, subject to affirmance by the orphans court on the settlement of his accounts, and in all ordinary cases this course [which has been followed for over a century] affords protection both to the guardian and the infants." See, also, *In re Vieweger, 93 N. J. Eq. 527.*

The course above outlined has been consistently followed in this court for many years.

In the case under consideration the father of the ward is financially unable to assist her in procuring a college education, and it appears that the ward has shown a high degree of scholarship in the past, and will, in all probability, be successful at college and attain her ambition to render herself self-supporting, and it is the duty of a guardian, in the exercise of the discretion which the law imposes upon him, to provide for the education of his ward from the principal of her estate, if necessary. The case is barren of any special circumstances justifying the intervention of this court.

The application will therefore be denied.